IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MARY ELIZABETH BUTLER, individually and as surviving spouse of BRIAN KEVEN BUTLER, deceased, and on behalf of the wrongful death beneficiaries BRIAN EDWARD BUTLER and LEIGH ANN BUTLER DANIELS, <br><br>  Plaintiffs, <br><br> v. <br><br> SCHWERMAN TRUCKING CO.; TANKSTAR USA, INC.; BULK LOGISTICS, INC.; and RICHARD ALLEN KELPINE, <br><br>  Defendants. | Case No. 1:18-cv-1033-STA-egb |

**ORDER DENYING PLAINTIFFS' MOTION TO PLACE THIS CIVIL ACTION ON THE DYERSBURG TRIAL DOCKET**

Before the Court is Plaintiffs Mary Elizabeth Butler, Brian Edward Butler, and Leigh Ann Butler Daniels's Motion to Place this Civil Action on the Dyersburg Trial Docket (ECF No. 8) filed on February 26, 2018. Defendants Schwerman Trucking Co.; Tankstar USA, Inc.; Bulk Logistics, Inc.; and Richard Allen Kelpine have responded in opposition. For the reasons set forth below, Plaintiffs' Motion is **DENIED**.

**BACKGROUND**

On January 25, 2018, Plaintiffs filed a Complaint in the Circuit Court for Dyer County, Tennessee, alleging claims in tort for the wrongful death of their decedent Brian Keven Butler. According to the Complaint, on July 17, 2017, Mr. Butler was operating a John Deere farm tractor or mowing machine on Highway 155 in Dyer County. The farm tractor was owned by

1

Dyer County, and Mr. Butler was acting in the course of his employment with Dyer County. Defendant Richard Allen Kelpine was operating an 18-wheeler on the same highway when his tractor trailer collided with the rear of Mr. Butler's mower, causing serious injuries and death to Mr. Butler. Plaintiffs allege that Kelpine acted negligently and seek to hold Kelpine and the other Defendants named in the Complaint liable for the wrongful death of Mr. Butler. Plaintiffs seek $10 million in damages. On February 14, 2018, Defendants removed this action from state court pursuant to 28 U.S.C. § 1446 on the basis of the diversity of citizenship among the parties and the total amount in controversy.

Plaintiffs now ask the Court to place their case on the Court's Dyersburg trial docket. Plaintiffs do not contest venue but rely for support on Local Rule 3.3(e), which permits a party to any civil action pending in the Eastern Division at Jackson to request that the trial occur in Dyersburg. Plaintiffs argue that trying their case in Dyersburg will be more convenient for the parties and witnesses. Plaintiff Mary Elizabeth Butler resides in Dyer County. Defendant Kelpine is a resident of Kentucky, and the trucking company Defendants are all Wisconsin corporations. A trial in Jackson will also burden the emergency responders and medical professionals who are witnesses to the events and who reside in and around Dyersburg. The relevant events all occurred in Dyer County. As such, Plaintiff argues that "the defendants responsible for her husband's needless death [should be] tried in the county in which his death occurred by a jury of Dyersburg, Tennessee." Pls.' Mot. for Transfer ¶ 17.

Defendants have responded in opposition to Plaintiffs' Motion. Defendants argue that upon removal, Plaintiffs' action was correctly assigned to the Eastern Division at Jackson. And nothing in Plaintiffs' Motion shows on balance why the Court should try the case in Dyersburg. Defendants deny that trial in Dyersburg would be more convenient for them. Transfer would not

enhance any party's access to proof or witnesses or cure any other practical problem posed by trial in Jackson. With respect to non-party witnesses, Defendants point out that the Tennessee Bureau of Investigation agents who performed toxicology tests are located in Memphis. Defendants contend then that no factor favors moving the trial of this matter from Jackson to Dyersburg.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1404(a), "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 580 (2013). Describing § 1404(a) as a "housekeeping" statute, the Supreme Court has found from the legislative history of the statute "that Congress had enacted the statute because broad venue provisions in federal Acts often resulted in inconvenient forums and that Congress had decided to respond to this problem by permitting transfer to a convenient federal court under § 1404(a)." *Ferens v. John Deere Co.*, 494 U.S. 516, 522-23 (1990) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 635-637 (1964)).

A district court is granted broad discretion when deciding a motion to transfer. Among the relevant factors, the Court should consider (1) the convenience of the parties and witnesses, (2) the accessibility of evidence, (3) the availability of process to make reluctant witnesses testify, (4) the costs of obtaining willing witnesses, (5) the practical problems of trying the case most expeditiously and inexpensively, and (6) the interests of justice. *Reese v. CNH America*

*LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988) (other citations omitted)). The last factor concerns the public interest in transfer, particularly systemic integrity and fairness of transfer. *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647, n.1 (6th Cir. 2006) (quoting *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)). Ultimately, the decision to transfer under § 1404(a) will "turn on considerations of convenience and the interest of justice . . . ." *In re Dow Corning Corp.*, 778 F.3d 545, 550-51 (6th Cir. 2015) (quoting *Ferens*, 494 U.S. at 523).

## **ANALYSIS**

The issue presented is whether transfer of this matter to the Court's Dyersburg trial docket will serve the convenience of the parties and the interests of justice. Pursuant to 28 U.S.C. § 123, Dyersburg, Tennessee is a designated place for holding court in the Western District of Tennessee. 28 U.S.C. § 123(c)(1) ("Court for the Eastern Division shall be held at Jackson and Dyersburg."). As Plaintiffs correctly note, Local Rule 3.3(e) allows a party to request that the Court hold the trial of a civil action assigned to the Eastern Division at Jackson in Dyersburg. Local R. 3.3(e). Nevertheless, the Court finds that a trial of this matter in Dyersburg is not warranted under the circumstances.

First, Plaintiffs have not shown that transfer to Dyersburg will be convenient to the parties and witnesses. Mrs. Butler appears to be the only party to the action who lives in the vicinity of Dyersburg. Defendants live in other states and have asserted that trial in Dyersburg will not be more convenient to them. Likewise, there is no indication that trial in Dyersburg will be more convenient for the witnesses who are likely to testify at trial. The only apparent witnesses who live in Dyersburg are the first responders and medical professionals who worked the scene of the fatal accident. Moving the trial to Dyersburg might be more convenient to these

4

witnesses. However, it is not at all clear to the Court that trial in Dyersburg would be convenient to other witnesses likely to be called. Defendants have shown that at least one special agent of the TBI will likely testify and that agent is stationed in Memphis. The Court has no indication at this point that trial in Dyersburg will be more convenient for any of the expert witnesses who are likely to testify at trial. Expert or opinion witnesses in the area of engineering and accident reconstruction often play a key role in cases of this kind. The Complaint also alleges facts about Mr. Butler's life expectancy and loss of future earnings, subjects on which a jury will hear testimony from qualified actuarial and economic experts. Taken as a whole, the Court finds that convenience to the parties and witnesses does not weigh in favor of trial in Dyersburg.

Moreover, the interests of justice and all of the other relevant factors weigh against moving the trial to Dyersburg. The Eastern Division at Jackson serves 18 different counties in the Western District of Tennessee. Venue is proper in Jackson for all civil actions in the Western District of Tennessee accruing in these counties. The Court has no reason to conclude then that trying Plaintiffs' claims in Jackson, and not Dyersburg, will somehow implicate the fairness or integrity of the proceedings. The Court would also note that Plaintiff has argued that transfer is justified, in part because Plaintiff wants a jury drawn from Dyersburg to decide her case. But even if trial occurred in Dyersburg, the venire would still be summoned from all 18 counties of the Eastern Division just as it would for a trial in Jackson. *See* U.S.D.C. W.D. Tenn., Am. Plan for the Random Selection of Grand and Petit Jurors, effective June 1, 2005. To the extent then that Plaintiffs wish to have their trial in Dyersburg for the sake of the potential jury pool, the transfer of the case will not affect the make-up of the jury.

Finally, the Court has no reason to find that trying the case in Dyersburg will solve any specific issues related to the parties' access to proof or compelling uncooperative witnesses to

testify or minimizing the costs of obtaining willing witnesses.  On the contrary, trial in Dyersburg will likely present a number of other practical challenges.  While Congress has named Dyersburg as a location where court may be held in this District, there is no federal courthouse in Dyersburg and no court personnel assigned to Dyersburg.  A trial in Dyersburg would, therefore, require the Clerk of Court to arrange for trial at an appropriate facility, presumably the Dyer County courthouse, and make arrangements for court staff and other support personnel assigned to Jackson to travel to Dyersburg for the trial.  The United States Marshals would need to time to make a facility secure for the trial in order to ensure the safety of the Court, the members of the jury, the parties, their counsel, court personnel and support staff, and any other witnesses and participants in the trial.  This is not to say that trial in Dyersburg will never be warranted under certain circumstances.  The Court just finds that those circumstances are not present in this case.  In the final analysis, none of the relevant factors weigh in favor of trying Plaintiffs' claims in Dyersburg.  Therefore, Plaintiffs' Motion must be **DENIED**.

  **IT IS SO ORDERED.**

          **s/ S. Thomas Anderson**
          S. THOMAS ANDERSON
          CHIEF UNITED STATES DISTRICT JUDGE

          Date:  April 24, 2018.